UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAVONE HILL,

        Petitioner,

                              CASE NO. 05-CV-71080-DT

v.                                HONORABLE LAWRENCE P. ZATKOFF

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING MOTION FOR DISCOVERY, AND
GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

        Lavone Hill ("Petitioner"), a state prisoner presently confined at the Thumb Correctional

Facility in Lapeer, Michigan, has filed a *pro se* petition for writ of habeas corpus asserting that he

is being held in violation of his constitutional rights.  Petitioner was convicted of two counts of first-

degree murder and two counts of possession of a firearm during the commission of a felony

following a jury trial the Wayne County Circuit Court in 2002.  Petitioner was sentenced to

concurrent terms of life imprisonment without the possibility of parole on the murder convictions

and to concurrent terms of two years imprisonment on the felony firearm convictions, to be served

consecutively to the life sentences.

        In his pleadings, Petitioner raises insufficient evidence and prosecutorial misconduct claims.

Petitioner has also recently filed motions for discovery and to proceed *in forma pauperis*.  For the

reasons set forth below, the Court denies the petition for writ of habeas corpus, denies the motion

for discovery, and grants the motion to proceed *in forma pauperis* on appeal.

## II.    Facts

Petitioner's convictions stem from the shooting deaths of Dushawn Luchie and Ronald Craft

on Keating Street in Detroit, Michigan during the early morning hours on September 8, 2001.  Both

victims died from multiple gunshot wounds.

In a police statement two days after the shooting, during an investigative subpoena

deposition a few weeks later, and at the preliminary examination before trial, Andre Meredith

identified Petitioner as one of the two perpetrators of the shooting.  At trial, however, Meredith

recanted that testimony and claimed that he did not see who committed the shooting.  Meredith

explained that he only gave his prior statements and testimony implicating Petitioner because he was

coerced into doing so by the police, particularly Detroit Police Sergeant Walter Bates.  Meredith

further stated that he met with Petitioner's aunt, Octavia Washington, before the trial and he told her

that he wanted to recant his prior statements and testimony.  They subsequently contacted defense

counsel and met with him, as well as Meredith's mother and aunt, to discuss the case the day before

the trial.  The prosecution impeached Meredith with his prior police statement, deposition testimony,

and preliminary examination testimony at trial.  The trial court ruled that the preliminary

examination testimony could be considered as substantive evidence.

Several police officers testified regarding their investigation of the shooting.  Police did not

recover any physical evidence from the scene which identified the perpetrators of the shooting.

Sergeant Bates testified that Andre Meredith was arrested on drug charges by other police officers

on September 10, 2001 and volunteered information about the shooting.  Sergeant Bates informed

Meredith of his constitutional rights and obtained his written statement in a question and answer format. Sergeant Bates was also present when Meredith appeared for his deposition. Sergeant Bates denied threatening or coercing Meredith into making a statement. Investigator Frasier Adams testified that he arrested Meredith on a witness detainer to ensure his appearance at the preliminary examination. Petitioner was held in custody for several days. Investigator Adams denied threatening Meredith.

Petitioner presented an alibi defense at trial. His girlfriend, Dechelle Reed, testified that she was sleeping in bed with Petitioner at the time of the shooting and that Petitioner's mother telephoned them during the early morning hours. While cross-examining this witness, the prosecution inquired about Petitioner's involvement in another shooting. Defense counsel objected. The trial court struck the testimony and issued a curative instruction. Petitioner's mother testified that she called Petitioner at his girlfriend's house to tell him about the shooting. Petitioner also testified in his own defense. He stated that he was in bed sleeping with his girlfriend at the time of the shooting. He denied committing the crime.

During closing arguments, the prosecutor claimed that Andre Meredith's prior testimony provided sufficient evidence of Petitioner's guilt and should be believed. The prosecutor claimed that Meredith recanted his earlier testimony because he was afraid to implicate Petitioner in the crime. Defense counsel argued that the prosecution presented insufficient evidence to convict Petitioner. Defense counsel claimed that Andre Meredith's trial testimony that he did not see who did the shooting should be believed, rather than his earlier statements and testimony implicating Petitioner, because the prior testimony was the product of police coercion and/or an attempt to frame Petitioner. During rebuttal, the prosecutor stated that it was unfair for defense counsel to meet with

Meredith and a member of Petitioner's family the day before trial without notifying the prosecutor. The trial court interrupted the prosecutor and held a side bar. The prosecutor did not further pursue this line of argument. The prosecutor also remarked that he represented the people of Michigan while defense counsel only represented his client.

At the close of trial, the jury convicted Petitioner of two counts of first-degree murder and two counts of possession of a firearm during the commission of a felony. The trial court subsequently sentenced Petitioner to concurrent terms of life imprisonment without the possibility of parole on the murder convictions and to concurrent terms of two years imprisonment on the felony firearm convictions, to be served consecutively to the life sentences.

### III.    Procedural History

Following sentencing, Petitioner filed an appeal as of right and a motion to remand with the Michigan Court of Appeals raising the claims contained in the instant petition. The Michigan Court of Appeals denied the motion to remand, and affirmed Petitioner's convictions and sentence. *See People v. Hill*, No. 246229, 2004 WL 1079807 (Mich. Ct. App. May 13, 2004) (motion to remand denied March 19, 2004). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *See People v. Hill*, 471 Mich. 920, 688 N.W.2d 829 (2004).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

I.      The prosecution failed to prove beyond a reasonable doubt that Mr. Hill is guilty of the crimes charged. Can a prior inconsistent statement standing alone provide the sole support of a conviction.

II.     The prosecution committed multiple acts of misconduct during the Petitioner's trial that deprived him of his due process of law as guaranteed by the state and federal constitutions.

III.    Actual Innocence.

Respondent has filed an answer to the petition asserting that it should be denied for lack of merit.

Petitioner has filed a reply to that answer.

## IV.     Analysis

### A.      Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition

after the AEDPA's effective date.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA

provides:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable
>          application of, clearly established Federal law, as determined by the
>          Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of
>          the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that

contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts

that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)

(per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535

U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal

habeas court to 'grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."

*Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535

U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme

Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or

erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539

U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the

state court's decision comports with clearly established federal law as determined by the Supreme

Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also*

*Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of

[Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v.*

*Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly

established law" are to be determined solely by the holdings of the Supreme Court, the decisions

of lower federal courts are useful in assessing the reasonableness of the state court's resolution of

an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F.

Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on

federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with

clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**B.**     **Insufficient Evidence Claim**

Petitioner first asserts that he is entitled to habeas relief because the prosecution presented insufficient evidence to support his convictions. Petitioner bases this claim on the fact that the sole evidence identifying him as the shooter was the preliminary examination testimony of witness Andre Meredith, who recanted his prior statements at trial. Respondent contends that this claim lacks merit.

In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the United States Supreme Court established that a federal court's review of a sufficiency of the evidence claim must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The Court must view this standard through the framework of 28 U.S.C. § 2254(d). *See Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). The *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews v. Abramajtys*, 319 F.3d 780, 788-89 (6th Cir. 2003) (citation omitted).

Under Michigan law, first-degree premeditated murder requires proof that the defendant intentionally killed the victim and that the act of killing was premeditated and deliberate. *See* Mich. Comp. L. § 750.316; *People v. Kelly*, 231 Mich. App. 627, 642, 588 N.W.2d 480 (1998). Premeditation and deliberation may be established by evidence of "(1) the prior relationship of the parties; (2) the defendant's actions before the killing; (3) the circumstances of the killing itself; and (4) the defendant's conduct after the homicide." *People v. Schollaert*, 194 Mich. App. 158, 170, 486 N.W.2d 312 (1992). Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of the crime, *People v. Jolly*, 442 Mich. 458, 466, 502 N.W.2d

177 (1993), including a defendant's intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398,

563 N.W.2d 31 (1997). Use of a lethal weapon supports an inference of an intent to kill. *People*

*v. Turner*, 62 Mich. App. 467, 470, 233 N.W.2d 617 (1975). The elements of felony firearm are

that the defendant carried or possessed a firearm during the commission of, or the attempt to

commit, a felony. *See* Mich. Comp. L. § 750.227b; *People v. Avant*, 235 Mich. App. 499, 505, 597

N.W.2d 864 (1999).

Applying the *Jackson* standard, the Michigan Court of Appeals ruled that the prosecution

presented sufficient evidence to support Petitioner's convictions, stating in relevant part:

> Review of the record reveals that the witness gave testimony, at the preliminary
> examination and in response to an investigative subpoena, that defendant threatened
> to shoot everyone on Keating Street approximately ten days before the shooting.
> The witness further testified that he was walking down Keating Street when he saw
> defendant and another man shoot the victims. This evidence was sufficient to
> satisfy the elements of first-degree murder. *Kelly, supra.*
>
> Defendant alleges that this evidence was insufficient because the conviction was
> based on the testimony of a single witness who recanted his identification at trial.
> Indeed, after meeting with defense counsel and defendant's aunt the day before trial,
> defendant [sic] [the witness] recanted his prior testimony. Defendant [sic] [the
> witness] indicated that he was "forced" to identify defendant as the perpetrator, and
> he did not know who shot the victims on Keating Street. He testified that he heard
> the shots fired, but ran and could not identify the shooters. In Michigan, an
> uncorroborated prior inconsistent statement can provide the sole support for a
> conviction. *People v Chavies,* 234 Mich App 274, 288-289; 593 NW2d 655 (1999).
> Moreover, the trier of fact properly resolves questions of credibility and intent, and
> we do not resolve questions of credibility anew on appeal. *People v Avant,* 235
> Mich App 499, 506; 597 NW2d 864 (1999). In this case, the trier of fact was called
> upon to determine which of multiple statements given by the witness was credible
> and whether he was "forced" to give a statement implicating defendant by police.
> The jury accepted the witness' initial sworn statements and rejected the testimony
> at trial recanting the earlier statements. Thus, defendant's appellate challenge on this
> basis is without merit.

*Hill*, 2004 WL 1079807 at *1 (footnote omitted).

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or of the facts in light of the evidence. The evidence at trial, namely Andre Meredith's preliminary examination testimony identifying Petitioner as the shooter, provided sufficient evidence to support Petitioner's first-degree murder and felony firearm convictions. Because this prior testimony was inconsistent with Meredith's trial testimony and was given under oath, it was admissible as substantive evidence. *See* MICH. R. EVID. 801(d)(1)(A); *People v. Tipton*, No. 216487, 2000 WL 33385187, *1 (Mich. Ct. App. Dec. 26, 2000); *People v. Andrews*, No. 215200, 2000 WL 33400219, *2 (Mich. Ct. App. Nov. 21, 2000); *see also United States v. Woods*, 613 F.2d 629, 637 (6th Cir. 1980) (reaching same conclusion under identical Federal Rule of Evidence); *cf. California v. Green*, 399 U.S. 149, 164 (1970) (admission of prior inconsistent statement given under oath as substantive evidence does not violate Confrontation Clause). Such testimony may also be sufficient to support a conviction. *See Woods*, 613 F.2d at 637; *Ticey v. Peters*, 8 F.3d 498, 503 (7th Cir. 1993); *People v. Chavies*, 234 Mich. App. 274, 289, 593 N.W.2d 655 (1999); *but cf. United States v. Orrico*, 599 F.2d 113, 116-19 (6th Cir. 1979).

Petitioner's insufficient evidence claim essentially challenges the inferences the jury drew from the evidence presented at trial. However, it is well-settled that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). It is the job of the jury, not a federal habeas court, to resolve evidentiary conflicts. *See Jackson*, 443 U.S. at 326; *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

Given the evidence at trial, a rational trier of fact could have found the elements of first-degree

murder and felony firearm beyond a reasonable doubt.  Habeas relief is not warranted on this claim.

### C.      Prosecutorial Misconduct Claims

Petitioner next asserts that he is entitled to habeas relief because the prosecution engaged

in misconduct by questioning a witness regarding Petitioner's involvement in a prior shooting and

by attacking defense counsel during closing arguments.

#### 1.      Prior Shooting Inquiry

Petitioner first asserts that the prosecution engaged in misconduct by questioning defense

witness Dechelle Reed about Petitioner's possible involvement in a prior shooting.  Respondent

contends that this claim does not warrant habeas relief.

The United States Supreme Court has stated that prosecutors must "refrain from improper

methods calculated to produce a wrongful conviction."  *Berger v. United States*, 295 U.S. 78, 88

(1935).  To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate

that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting

conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

The United States Court of Appeals for the Sixth Circuit has adopted a two-part test for

determining whether prosecutorial misconduct violates a defendant's due process rights.  *See*

*Macias v. Makowski*, 291 F.3d 447, 452 (6th Cir. 2002) (citing cases).  First, the court must

determine whether the challenged statements were indeed improper.  *Id*. at 452.  Upon a finding

of impropriety, the court must decide whether the statements were flagrant.  *Id.*  Flagrancy is

determined by an examination of four factors:  1) whether the statements tended to mislead the jury

or prejudice the accused; 2) whether the statements were isolated or among a series of improper

statements; 3) whether the statements were deliberately or accidentally before the jury; and 4) the

total strength of the evidence against the accused. *Id.*; *see also Boyle v. Million*, 201 F.3d 711, 717

(6th Cir. 2000) (citing *United States v. Francis*, 170 F.3d 546, 549-50 (6th Cir. 1999)). "[T]o

constitute the denial of a fair trial, prosecutorial misconduct must be 'so pronounced and persistent

that it permeates the entire atmosphere of the trial,' or 'so gross as probably to prejudice the

defendant.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (citations omitted).

The Michigan Court of Appeals concluded that Petitioner was not denied a fair trial by the

prosecutor's inquiry, stating in relevant part:

> In the present case, after the prosecutor completed his examination of the witness,
> defense counsel requested a sidebar to address the inquiry and testimony regarding
> another shooting. On the record and outside the presence of the jury, defense
> counsel requested a limiting instruction at that time. When the jury returned to the
> courtroom, the trial judge indicated that the testimony was to be stricken and not
> considered in any way in the case. Based on the defense request for relief and the
> trial court's swift compliance with the defense request, this error does not provide
> a basis for relief. *Knapp, supra.* Jurors are presumed to follow their instructions.
> *People v Graves,* 458 Mich 476, 486; 581 NW2d 229 (1998). There is no indication
> that the prosecutor's inquiry deprived defendant of a fair trial.

*Hill*, 2004 WL 1079807 at *2.

This decision is neither contrary to Supreme Court precedent nor an unreasonable

application of federal law or the facts. Even assuming that the prosecutor's questions were

improper, they did not deprive Petitioner of a fair trial given that the trial court struck the disputed

testimony and instructed the jurors to disregard it. As noted by the Michigan Court of Appeals,

jurors are presumed to follow the trial court's instructions. *See United States v. Powell*, 469 U.S.

57, 66 (1984) ("Jurors . . . take an oath to follow the law as charged, and they are expected to

follow it."). Petitioner's assertion that the jury was unduly influenced or improperly considered

this information is pure speculation. Conclusory allegations, without evidentiary support, do not

provide a basis for habeas relief.  *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998).

Given the trial court's prompt curative action, Petitioner cannot establish that he was denied a fair

trial by the prosecutor's conduct in this regard.  Habeas relief is not warranted on this claim.

### 2.    Comments on Defense Counsel

Petitioner next asserts that the prosecutor engaged in misconduct by denigrating defense

counsel during closing arguments.  Respondent contends that this claim is barred by procedural

default and lacks merit.

Habeas relief may be precluded on claims that a petitioner has not presented to the state

courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72

(1977); *Couch v. Jabe*, 951 F.2d 94 (6th Cir. 1991).  In *Wainwright*, the United States Supreme

Court explained that a petitioner's procedural default in the state courts will preclude federal habeas

review if the last state court rendering a judgment in the case rested its judgment on the procedural

default.  433 U.S. at 85.

In such a case, a federal court must determine not only whether a petitioner has failed to

comply with state procedures, but also whether the state court relied on the procedural default or,

alternatively, chose to waive the procedural bar.  "A procedural default does not bar consideration

of a federal claim on either direct or habeas review unless the last state court rendering a judgment

in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris

v. Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment should be used to

make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state

judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon

the last reasoned opinion.  *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In dismissing Petitioner's claim, the court relied upon a state procedural bar -- Petitioner's failure to object to the alleged improper remarks at trial. *See Hill*, 2004 WL 1079807 at *2-3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). In this case, the Michigan Court of Appeals denied this claim based upon Petitioner's failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Petitioner neither alleges nor establishes cause to excuse his default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983). Nonetheless, the Court notes that Petitioner cannot establish

14

prejudice as this claim lacks merit.  As noted by the Michigan Court of Appeals, the prosecutor's

comments were not a personal attack on defense counsel, but were responsive to the defense theory

of the case.  *See Hill*, 2004 WL 1079807 at *3.  For example, to counter the defense argument that

the police pressured witness Meredith into identifying Petitioner as the shooter, the prosecutor

argued that Meredith decided to recant his prior testimony after meeting with Petitioner, his family,

and defense counsel.  Under such circumstances, it cannot be said that the prosecutor's remarks

were improper or deprived Petitioner of a fundamentally fair trial.  Additionally, the prosecutor's

comments on the different roles played by the prosecutor and defense counsel were accurate, and,

even if deemed improper,  were not so flagrant as to deprive Petitioner of a fair trial.

Petitioner has also not established that a fundamental miscarriage of justice has occurred.

The miscarriage of justice exception requires a showing that a constitutional violation probably

resulted in the conviction of one who is actually innocent.  *Schlup v. Delo,* 513 U.S. 298, 326-27

(1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley v.*

*United States*, 523 U.S. 614, 624 (1998).  "To be credible, [a claim of actual innocence] requires

petitioner to support his allegations of constitutional error with new reliable evidence -- whether

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence

-- that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Petitioner has made no such showing.

This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

### D.      Actual Innocence Claim

Lastly, Petitioner alleges that he is entitled to habeas relief because he is actually innocent.

In support of this claim, Petitioner states that he has newly-discovered evidence that Sergeant Bates

participated in bank robberies during the time of the investigation and prosecution of this crime.

He also points to studies and articles discussing unrelated cases involving perjury by witnesses and police coercion of witnesses.  Respondent has not addressed this issue.

"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."  *Herrera v. Collins*, 506 U.S. 390, 400 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact."  *Id*.  A claim that a habeas petitioner is entitled to relief based upon the failure of a state trial judge to grant him a trial on the basis of newly discovered evidence is not cognizable in a habeas proceeding.  *Monroe v. Smith*, 197 F. Supp. 2d 753, 763 (E.D. Mich. 2001).  Thus, Petitioner's claim that he has newly discovered evidence does not state a claim upon which habeas relief can be granted.  *See Johnson v. Hofbauer*, 159 F. Supp. 2d 582, 606 (E.D. Mich. 2001).

Federal courts which have suggested that habeas relief could conceivably be granted upon newly-discovered evidence have set an extraordinary showing of a habeas petitioner's innocence before relief could be granted.  *See Dell v. Straub*, 194 F. Supp. 2d 629, 657 (E.D. Mich. 2002); *Johnson*, 159 F. Supp. 2d at 606 (collecting cases).  Even on direct appeal, motions for a new trial based upon newly discovered evidence are "are disfavored and should be granted with caution." *Monroe*, 197 F. Supp. 2d at 763 (quoting *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000)). When a defendant in federal court makes a motion for a new trial based upon newly discovered evidence, a defendant must show:

1. the evidence was discovered after trial;
2. the evidence could not have been discovered earlier with due diligence;
3. the evidence is material and not merely cumulative or impeaching; and
4. the evidence would likely produce an acquittal if the case were retried.

16

*Turns*, 198 F.3d at 586-87.  Petitioner has not met this standard.  The information regarding Sergeant Bates is impeachment evidence and unrelated to the instant shooting.  The studies and articles are immaterial.  Petitioner has presented no new evidence of his innocence.  Neither an evidentiary hearing nor habeas relief are warranted in this case.

**V.      Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.  Given this determination, the Court **DENIES** Petitioner's motion for discovery.  The Court, however, **GRANTS** Petitioner's motion to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 29, 2006.

s/Marie E. Verlinde

17

Case Manager
(810) 984-3290